UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ESLAM ELTAWEEL, owner of AEW MARKET INC.<br>   Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE<br>   Defendant. | C. A. No. 14-409-M-LDA |

ORDER

  Plaintiff Eslam Eltaweel ("AEW Market") challenges its permanent disqualification from the Supplemental Nutrition Assistance Program ("SNAP") by the Food and Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA"). The USDA banned AEW Market from SNAP for allegedly engaging in trafficking of Electronic Benefits Transfers ("EBT"). Trafficking is defined as "[t]he buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via [EBT] cards . . . for cash or consideration other than eligible food . . .." 7 C.F.R. § 271.2; *see also* 7 U.S.C. § 2021(b)(3)(B).

  Before the Court is the USDA's Second Motion for Summary Judgment, where it argues that its decision to disqualify AEW Market was soundly supported by the undisputed record and neither arbitrary nor capricious as a matter of law. (ECF No. 26). AEW Market objects, claiming that the transactions identified by the USDA were legitimate. (ECF No. 28). USDA filed a reply. (ECF No. 29).

Because the Court finds there to be no genuine issue of material fact in dispute, and that the Defendant is entitled to judgment as a matter of law, the Court grants USDA's Second Motion for Summary Judgment (ECF No. 26) and enters judgment in its favor.

I. FACTS

AEW Market is a convenience store located at 385 Westminster Street in downtown Providence, Rhode Island. The USDA authorized it to participate in SNAP in February 2013.

The FNS of the USDA uses a fraud detection program called the Anti–fraud Locator using the EBT Retailer Transactions ("ALERT") to identify transactions that fall within certain patterns that are statistically unusual and may be in violation of SNAP. *See Young Choi Inc. v. United States*, 639 F. Supp. 2d 1169, 1173-74 (D. Haw. 2009). FNS maintains a national database that records every EBT transaction. "Because EBT debits are electronically recorded, the records can be scanned . . . for irregularities and abnormalities." *Idias v. United States*, 359 F.3d 695, 696 (4th Cir. 2004). The "FNS relies on the irregular and inexplicable patterns in the EBT data, as well as on the sheer volume of transactions compared to inventory of store goods, to find conclusive evidence of . . . trafficking of food stamps." *Kahin v. United States*, 101 F. Supp. 2d 1299, 1303 (S.D. Cal. 2000).

The FNS began investigating AEW Market after the store appeared on FNS's ALERT Report Watch list between October 2013 and December 2013, only eight months after USDA authorized it to participate in SNAP. (ECF No. 26-1 at 4).

ALERT identified several patterns of suspicious transactions at AEW Market. After analyzing the data, three EBT patterns emerged: 1) multiple transactions in rapid succession; 2) the exhaustion of the majority or all of a beneficiary's monthly allotment in one or a few transactions within a short period of time; and 3) an unusually high number of excessively large dollar purchases. (AR at 82-83).[1]

An FNS contractor subsequently inspected the store on two occasions, taking photographs, surveying the inventory, and diagramming the store's layout. (AR 11-81). The contractor issued a report, noting that AEW Market had only one point-of-sale ("POS") device, no optical scanner, no shopping carts, and a cluttered checkout area. (AR 11-88). The store was minimally stocked with empty shelves and coolers and a limited number of items and produce.

Based on the statistics and on-site inspection, FNS charged AEW Market with trafficking, and attached documentation of hundreds of transactions supporting the charge. It noted several discernible patterns of transactions indicative of fraud.

AEW Market responded to the charge letter, denying that the documentation supported the charge of trafficking, and asserting that the EBT data did not provide any evidence that AEW Market engaged in trafficking. First, in response to the suspicious findings of multiple transactions made within rapid periods, AEW Market argued that itemized receipts that it submitted showed that the transactions were legitimate. AEW Market also argued that the store's two cash registers enabled the

---

[1] AR refers to the Administrative Record, filed with the Clerk's office, but too large to be placed on the electronic docket.

store clerks to ring up customers at the same time, and take turns using the single POS device, thus allowing for rapid transactions. (AR 122). Second, in response to the finding that SNAP recipients exhausted all or substantially all of their benefits in a short period of time, AEW Market argued that the number of such transactions was "less than four percent of the Program transactions" for the review period, and that the itemized receipts show that the transactions were legitimate. (*Id.*) Finally, in response to the finding of excessively large dollar transactions at AEW Market, it asserted that only 141 of the 1500 identified transactions were over $100, and that the itemized receipts for the most expensive 171 transactions showed that those transactions were legitimate. (AR 123).

After a review of all the evidence, the USDA made a final decision to revoke AEW Market's EBT privileges and permanently disqualify it from the program. AEW Market requested an administrative review of the decision, which resulted in the decision being upheld. Plaintiff then filed the instant federal court action. The USDA filed a Second Motion for Summary Judgment (ECF No. 26)[2] that the AEW Market opposes. (ECF No. 28).

II. STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the

---

[2] In response to USDA's first Motion for Summary Judgment (ECF No. 7), AEW Market filed a Rule 56(d) affidavit seeking discovery. (ECF No. 13). The Court denied the first summary judgment motion to allow AEW Market to conduct limited discovery. (ECF No. 16).

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 24 (1st Cir.2009). "A genuine issue of fact exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal citation and quotation marks omitted).

A store seeking judicial review of permanent disqualification by the USDA, after an unsuccessful administrative review, bears the burden of proving, by a preponderance of the evidence, that the agency's determination is invalid. *See Fells v. United States*, 627 F.3d 1250, 1253 (7th Cir.2010); *Hajifarah v. United States*, 779 F.Supp.2d 191, 204 (D.Me. 2011). Where the store fails to meet this burden and fails to demonstrate a material dispute of fact as to the existence of a violation, the entry of summary judgment is appropriate. *Kahin*, 101 F.Supp.2d at 1302. This Court reviews *de novo* the USDA's determination as to whether a violation occurred. 7 U.S.C. § 2023(a)(15) (the Court conducts a *de novo* review to "determine the validity of the questioned administrative action."). *See Ibrahim v. United States*, 834 F.2d 52, 53 (2nd Cir.1987) (noting that "[t]his review 'requires a reexamination of the entire matter rather than a mere determination of whether the administrative findings are supported by substantial evidence.'" (quoting *Saunders v. United States*, 507 F.2d 33, 36 (6th Cir.1974)). If the Court accepts the USDA's determination, then review of the sanction imposed is limited to whether such sanction was arbitrary or capricious. *See Objio v. United States*, 113 F.Supp.2d 204, 208 (D.Mass. 2000) (citing *Broad St. Food Mkt., Inc. v. United States*, 720 F.2d 217, 220 (1st Cir.1983)).

III.  ANALYSIS

The Court has reviewed *de novo* the administrative record below, including AEW Market's rebuttals to the USDA's conclusions that it trafficked in EBT benefits, and the USDA's decision to disqualify AEW Market.  USDA identified hundreds of transactions at AEW Market that show non-legitimate, ineligible purchases using SNAP benefits.  The evidence of comparable stores also helped establish that excessive SNAP redemptions took place at AEW Market.  It is important to note that AEW Market does not dispute any of the facts that the USDA presented in its decision or in its motion currently before the Court.  AEW Market has not submitted any evidence to rebut the store-generated statistical evidence, or the comparable store analysis USDA used in its determination that AEW Market was trafficking.

What AEW Market has provided the Court is explanations, mimicking those provided to the USDA, for the statistical data collected from the store during the review period that supported the USDA's disqualification.  They presented receipts and explanations that do not hold up under scrutiny.  These explanations are unconvincing, conclusory, and speculative in the face of the USDA's statistical evidence. Despite AEW Market's assertions, the Court finds that no reasonable juror would believe AEW Market's explanation for how hundreds of dollars of transactions could be completed between several seconds or minutes in a small convenience store with minimal counter space, no shopping carts, and a manual cash register system. *See Kahin*, 101 F. Supp. 2d at 1303 (granting summary judgment even where plaintiff's explanations of his customers' spending pattern "may tend to negate some of the

inferences from the EBT data" but "do not sufficiently account for all the suspicious activity.") AEW Market, therefore, fails to raise a disputed issue of material fact sufficient to overcome the USDA's statistical evidence and ultimately, its motion for summary judgment.

The transaction data patterns show that AEW Market's EBT transactions were made in rapid sequence, were from individual accounts in suspiciously short time frames, were excessively large, depleted or ran down an EBT account, and were manually entered too frequently (without a report of a malfunctioning scanner) to be believed legitimate. AEW Market has presented no evidence to show that the USDA's decision was invalid – in fact, it has presented no evidence rebutting the data that the USDA collected to prove it was engaged in EBT trafficking.

AEW Market submitted some receipts at the administrative appeal to show actual legitimate purchases made at the time of the audit. However, those receipts were not consistent with the invoices submitted by AEW Market, which showed that some items (such as meat and formulae) were not in stock when they appeared on the receipts. Those items were also not present during the USDA's site visit.

The agency did not base its decision solely on statistical transaction patterns, but on layout of the store, check out procedure and technology, prices of eligible items, comparison to similarly sized convenience stores in Rhode Island and all of AEW Market's submissions.

After a *de novo* review, the Court finds that the USDA's finding that AEW Market engaged in trafficking as defined in 7 C.F.R. § 271.2 is valid. The Court next

turns to the permanent disqualification sanction. The Court will overturn the sanction only if it was arbitrary and capricious. *Broad St. Food Mkt.*, 720 F.2d at 220. Because the governing regulation requires permanent disqualification for EBT trafficking, 7 C.F.R. § 278.6(e)(1), the Court cannot and does not find that the USDA's sanction was arbitrary or capricious and upholds AEW Market's permanent disqualification.

IV. CONCLUSION

Based on the undisputed evidence in the record, the USDA's Second Motion for Summary Judgment (ECF No. 26) is GRANTED. Judgment shall enter for the Defendant United States Department of Agriculture.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

April 18, 2016